(11)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Case No. _______________
Hon. __________________

Case: 4:26-cv-13855
Assigned To : Behm, F. Kay
Referral Judge: Patti, Anthony P.
Assign. Date : 10/9/2026
DAVID OSTRANDER, et al V. JACKSON COUNTY, et al
(NZG)

FILED
OCT 09 2026
CLERK'S OFFICE
DETROIT

PLAINTIFFS:
YOUR NAME, Pro Se
YOUR MOTHER'S NAME, Pro Se
10600 Pulaski Rd, Hanover, MI 49241

v.

DEFENDANTS:
JACKSON COUNTY, MICHIGAN
OFFICER CHADWELL, Jackson County Sheriff's Office
OFFICER JONES, Jackson County Sheriff's Office
OFFICER ERIC, Jackson County Sheriff's Office
OFFICER LARRY, Jackson County Sheriff's Office
JUDGE JOHN G. MCBAIN, Jackson County Circuit Court
AUDREY SAYLES-REED, Assistant Prosecuting Attorney
CARRIE JOHNSON, FOC ADR Specialist
SUSAN MURPHY, FOC Attorney
ALLISON BATES, FOC Staff
(All individual defendants are sued in their individual and official capacities)

---

COMPLAINT AND DEMAND FOR JURY TRIAL
(Brought under 42 U.S.C. §§ 1983, 1985 & 1986)

NOW COME Plaintiffs, appearing Pro Se, and for their Civil Rights Complaint against the above-named Defendants, state as follows:

INTRODUCTION & STATEMENT OF THE CASE

1. This is a civil rights action brought under federal law to address egregious constitutional violations, official misconduct, physical brutality, and systemic retaliation.
2. On March 9th and 10th, Officers Chadwell, Jones, Eric, and Larry of the Jackson County Sheriff's Office unlawfully forced entry into Plaintiffs' residence at 10600 Pulaski Rd, Hanover, MI, without a warrant, consent, or exigent circumstances.
3. During this unlawful entry, officers deployed excessive force by tasing Plaintiff multiple times directly in his genitals ("private area").
4. Officers further committed physical brutality against Plaintiff's mother, a vulnerable individual

(Against Defendants Johnson, Murphy, and Bates)

32. Forging, fabricating, and altering official government administrative files to cause financial destruction violates Substantive Due Process under the Fourteenth Amendment. Government staff possess zero immunity for intentional forgery.

COUNT VI: CIVIL RIGHTS CONSPIRACY & RETALIATION (42 U.S.C. §§ 1985 & 1986)

(Against All Individual Defendants)

33. Defendants actively conspired to cover up physical brutality, process a fraudulent prosecution, and allow or orchestrate a retaliatory 3:00 AM drive-by shooting to silence Plaintiffs, causing immense damage.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants for actual economic damages, medical expenses, emergency housing costs, severe pain and suffering, permanent physical impairment, and punitive damages in an amount to be determined at trial, alongside any further relief this Court deems just.

DEMAND FOR JURY TRIAL

Plaintiffs hereby formally demand a trial by jury on all issues so triable.

Dated: 10-3-2026

Respectfully submitted,

David Ossorander

[YOUR NAME], Plaintiff Pro Se

Candie Darling

[YOUR MOTHER'S NAME], Plaintiff Pro Se

U.S.C. § 1983)

21. Plaintiff realleges and incorporates all preceding paragraphs.

22. By intentionally withholding Plaintiff's critical prescribed medication while in custody, Defendants acted with deliberate indifference to a substantial risk of serious harm, violating Plaintiff's due process rights under the Fourteenth Amendment.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, awarding compensatory damages, punitive damages, and any other relief this Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 28, 2026

Respectfully submitted,

[signatures]

Plaintiff, Pro Se

10600 Pulaski Rd, Hanover, MI 49241

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

)
Plaintiff, David ostrander / Candie darbig
) Case No.:
v. )
) COMPLAINT AND JURY DEMAND
)
INDIVIDUAL MICHIGAN STATE POLICE ) (42 U.S.C. § 1983 - Civil Rights Violation)
OFFICERS (Names Unknown / To Be )
Identified via Discovery), )
) Court and Sheriff
Defendants. )
______________________________________)

COMPLAINT

Plaintiff, proceeding pro se, files this Complaint against the Defendant Law Enforcement Officers in their individual capacities, alleging as follows:

PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution.
2. Plaintiff seeks damages for an unlawful, warrantless entry into his residence, the deployment of excessive and malicious physical force (including being tased in a highly injurious and humiliating manner), the unlawful arrest and physical pushing of his medically vulnerable mother, and the deliberate indifference to serious medical needs via the denial of necessary medication while in custody.
3. All criminal charges stemming from this unlawful encounter were subsequently dismissed by a judicial officer during a preliminary examination/motion to quash due to the constitutional violations committed by law enforcement.

JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) because this action is brought to redress the deprivation of rights secured by the United States Constitution.
5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred at Plaintiff's residence located in Hanover, Jackson County, Michigan, which sits within the jurisdiction of the United States District Court for the Eastern District of Michigan.

PARTIES

6. Plaintiff is an adult resident of Hanover, Jackson County, Michigan.

5. Attorney Misconduct: The day before the court hearing, my criminal defense attorney explicitly instructed me to stay on Zoom and ordered me to keep quiet. I believe my attorney actively colluded with the prosecution and police to silence me so they could attempt to remand the domestic charges, failing to protect my constitutional interests or my life.

Because local law enforcement and actors within the Jackson legal system are the subjects of this complaint, local authorities cannot safely or neutrally investigate these matters. My family is in ongoing physical danger. I possess the official court transcripts, the Motion to Quash documentation, and the bodycam footage proving these events.

I urge your agency to step in immediately to review this case, investigate the individual officers for a federal Color of Law violation, look into the retaliatory shooting, and help secure safety for my family.

Sincerely,

[Sign Your Name Here]
Chad Oserandel / Candie darbig
------------------------------------------

MAILING INSTRUCTIONS (Send via Certified Mail):

1. Federal Bureau of Investigation (FBI) - Detroit Field Office
Attn: Civil Rights / Public Corruption Division
477 Michigan Ave., 26th Floor
Detroit, MI 48226

2. ACLU of Michigan
Attn: Legal Department
2966 Woodward Ave.
Detroit, MI 48201

3. Michigan State Police - Professional Standards Section
Attn: Internal Affairs
7150 Harris Drive
Dimondale, MI 48821 (Mailing Address: P.O. Box 30634, Lansing, MI 48909)

4. Michigan Attorney Grievance Commission
755 W. Big Beaver Rd., Suite 2110
Troy, MI 48084

FORMAL COMPLAINT LETTER

Date: September 26, 2026

From:
[Your Name]
[Your Current Mailing Address]
[Your Phone Number]
[Your Email Address]

Regarding: Urgent Complaint of Police Misconduct, Constitutional Violations, Retaliatory Shooting, and Attorney Misconduct in Jackson, Michigan

To Whom It May Concern,

I am writing to formally request an immediate, independent investigation into a severe chain of events involving constitutional violations, extreme excessive force, ongoing official retaliation, and an imminent threat to the safety of myself and my elderly mother.

The facts of the case are as follows:

1. The Illegal Entry (March 10th): On March 10th, officers with the Jackson Police Department responded to a domestic call where the complaining individual was already locked outside the home. I am the sole owner of the property. Both my mother and I remained inside. Crucially, the responding officers' commanding Sergeant explicitly ordered them over the radio NOT to force entry into my home.

2. Defiance of Orders and Excessive Force: The officers flagrantly defied their supervisor's direct order and forced their way into my home without a warrant or exigent circumstances. Once inside, they assaulted us. They pushed my mother, who had recently undergone open-heart surgery, resulting in a three-day hospitalization. They tased me in the groin and applied handcuffs so tightly that I have suffered permanent, ongoing nerve damage and numbness in my fingers for months.

3. Court Dismissal and Quashed Charges: My criminal defense attorney filed a Motion to Quash based on the bodycam footage and radio transcripts. The court recognized that the entry was an unauthorized, illegal Fourth Amendment violation. Consequently, the judge quashed the evidence, and all criminal charges against both me and my mother were fully dismissed in May.

4. Violent Retaliation (3:00 AM Shooting): At 3:00 AM on the exact morning of my scheduled Motion to Quash hearing, my house was shot up in a drive-by shooting. I strongly believe this was a coordinated act of violent intimidation intended to prevent me from exposing the police misconduct in court.

7. Defendants are individual law enforcement officers with the Michigan State Police. At all times relevant, Defendants acted under color of state law in their capacities as state law enforcement officers. Defendants are sued in their individual capacities.

FACTUAL ALLEGATIONS

8. On or about the date of the incident, Defendant officers responded to Plaintiff's residence at 10600 Pulaski Rd, Hanover, MI 49241, regarding a report of a verbal disturbance or disorderly persons.

9. Defendant officers lacked a search warrant, lacked an arrest warrant, and lacked any lawful exigent circumstances or emergency exceptions to justify crossing the threshold of Plaintiff's home.

10. Despite explicit commands from a supervising Sergeant on the scene or available via communication channels instructing the officers not to enter or proceed, Defendant officers breached the threshold and forced their way inside Plaintiff's home.

11. Once inside, Defendant officers deployed excessive, unreasonable, and malicious force against Plaintiff, including deploying a Taser directly into Plaintiff's genitalia ("his dick").

12. This force was applied despite Plaintiff presenting no physical threat or lawful justification for such extreme and specialized targeting.

13. Defendant officers further used physical force against Plaintiff's mother, physically pushing her despite her being visibly medically vulnerable and recovering from recent open-heart surgery.

14. Plaintiff's mother was unlawfully arrested and subsequently placed in a holding tank with general population detainees during Plaintiff's subsequent legal proceedings.

15. Following the arrest, Plaintiff was taken into custody where Defendant officers and jail staff acting under their authority maliciously refused to administer Plaintiff's required daily prescription medications, creating a severe and life-threatening medical risk.

16. During subsequent criminal proceedings, a presiding judge granted Plaintiff's Motion to Quash/Dismiss, dismissing all 5 criminal charges against Plaintiff due to the explicit illegality of the officers' warrantless entry, lack of probable cause, and fabrication of evidence by a third party which was exposed via body-worn camera footage.

COUNT I: UNLAWFUL ENTRY AND SEARCH (4th Amendment via 42 U.S.C. § 1983)

17. Plaintiff realleges and incorporates all preceding paragraphs.

18. By forcing entry into Plaintiff's home without a warrant, consent, or exigent circumstances, Defendants violated Plaintiff's rights under the Fourth Amendment to be free from unreasonable searches and seizures.

COUNT II: EXCESSIVE FORCE (4th Amendment via 42 U.S.C. § 1983)

19. Plaintiff realleges and incorporates all preceding paragraphs.

20. The use of a Taser on Plaintiff's genitalia was objectively unreasonable, malicious, sadistically applied, and constituted excessive force in direct violation of the Fourth Amendment.

COUNT III: DELIBERATE INDIFFERENCE TO MEDICAL NEEDS (14th Amendment via 42

recovering from recent open-heart surgery, by physically pushing her and wrongfully arresting her. She was placed in a crowded holding tank and denied critical, life-sustaining medical care and medication, resulting in permanent, severe nerve damage and emergency hospitalization.
5. In an attempt to cover up this unlawful entry and excessive force, individual officers, Prosecutor Audrey Sayles-Reed, and Judge John G. McBain engaged in a conspiracy to stack false criminal charges and improperly advance the groundless case "upstairs" to the Circuit Court, completely ignoring bodycam evidence showing a supervising Sergeant explicitly instructing the officers not to cross the threshold.
6. Following months of malicious prosecution, all five (5) criminal charges against Plaintiff were completely dismissed and quashed during preliminary examinations, establishing a total lack of probable cause.
7. Crucially, at 3:00 AM on the exact morning of Plaintiff's critical Motion to Quash and Dismiss hearing, Plaintiffs' residence was targeted in a terrifying, retaliatory drive-by shooting designed to terrorize, intimidate, and prevent the exposure of this corruption.
8. Separately, Friend of the Court (FOC) personnel Carrie Johnson, Susan Murphy, and Allison Bates engaged in intentional administrative fraud, fabricating and forging official documents to execute a campaign of financial ruin against Plaintiff.

JURISDICTION AND VENUE
9. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1343 for claims arising under 42 U.S.C. §§ 1983, 1985, and 1986, and the Fourth, Fourteenth, and Eighth Amendments.
10. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred entirely within Jackson County, Michigan.

PARTIES
11. Plaintiff [YOUR NAME] is an adult citizen residing at 10600 Pulaski Rd, Hanover, MI 49241.
12. Plaintiff [YOUR MOTHER'S NAME] is an adult citizen and the mother of Plaintiff, residing at the same address.
13. Defendant Jackson County is a local government entity overseeing the Jackson County Sheriff's Office, the Prosecutor's Office, and the Friend of the Court.
14. Defendants Officers Chadwell, Jones, Eric, and Larry were at all times acting under color of law as deputies for the Jackson County Sheriff's Office.
15. Defendant Judge John G. McBain is a judge of the Jackson County Circuit Court.
16. Defendant Audrey Sayles-Reed is an Assistant Prosecuting Attorney for Jackson County.
17. Defendants Carrie Johnson (ADR Specialist), Susan Murphy (FOC Attorney), and Allison Bates (FOC Staff) are administrative employees of the Jackson County Friend of the Court.

FACTUAL ALLEGATIONS
18. On March 9th/10th, Jackson County Sheriff's deputies arrived at 10600 Pulaski Rd response to a fabricated, false report regarding "disorderly people."
19. Bodycam footage records a supervising Sergeant explicitly instructing the responding officers not to enter the home.

20. Defying direct orders and clearly established federal law, Officers Chadwell, Jones, Eric, and Larry forced their way inside the home without a warrant.
21. Once inside, officers deployed a Taser multiple times directly into Plaintiff's genitals, causing severe physical injury, torture, and psychological trauma.
22. Officers then physically assaulted Plaintiff's mother, knowing she had recently undergone open-heart surgery, pushing her to the ground.
23. Plaintiff's mother was unlawfully arrested, thrown into a holding tank, and explicitly denied access to her critical life-saving medications, leading to a medical emergency, hospitalization, and permanent nerve damage.
24. Assistant Prosecutor Audrey Sayles-Reed stacked five severe, groundless criminal charges against Plaintiff based on known fabrications. Judge John G. McBain actively participated in validating this abuse by improperly forcing the case to the Circuit Court.
25. At 3:00 AM on the day of the Motion to Quash, a drive-by shooting occurred at Plaintiffs' residence to terrorize them into silence.
26. Ultimately, the state court granted Plaintiff's Motion to Quash, dismissing all 5 criminal charges with prejudice, validating the total lack of lawful justification for the defendants' acts.
27. Concurrently, FOC workers Johnson, Murphy, and Bates intentionally forged and falsified administrative support paperwork to strip Plaintiff of his assets and enforce financial devastation.

COUNT I: UNLAWFUL WARRANTLESS ENTRY (42 U.S.C. § 1983)
(Against Defendants Officers Chadwell, Jones, Eric, and Larry)
28. The officers entered Plaintiffs' home without a warrant, consent, or emergency, violating the Fourth Amendment. Qualified immunity is unavailable as their supervisor explicitly ordered them on camera not to cross the threshold.

COUNT II: EXCESSIVE FORCE & PHYSICAL BRUTALITY (42 U.S.C. § 1983)
(Against Defendants Officers Chadwell, Jones, Eric, and Larry)
29. Tasing a non-violent individual in the genitals and physically throwing a recent open-heart surgery patient to the ground constitutes severe, malicious excessive force violating the Fourth and Fourteenth Amendments.

COUNT III: DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS (42 U.S.C. § 1983)
(Against Jail/Arresting Officers and Jackson County Personnel)
30. Denying critical heart and nerve medications to a recent surgical patient in a holding cell constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments.

COUNT IV: MUNICIPAL LIABILITY – POLICY AND CUSTOM (42 U.S.C. § 1983 / MONELL)
(Against Defendant Jackson County)
31. Jackson County maintained a systemic custom, pattern, or failure to train that directly permitted its officers, prosecutors, and court workers to bypass supervisor mandates, falsify reports, stack groundless charges, and abuse citizens.

COUNT V: ADMINISTRATIVE FRAUD & DUE PROCESS VIOLATION (42 U.S.C. § 1983)

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Candie clarbig David Ostrander

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff Jackson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Jackson
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☒ 320 Assault, Libel & Slander
- ☒ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☒ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☒ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC § 1983 Monell Color of Law 1985, 1986
Brief description of cause: Violation of Constitutional right and Phyisical Damage

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ____________ DOCKET NUMBER ____________

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

David Ostrander
Candie Darbig
10600 Pulaski Rd,
Horton, Mich
49241

AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 4521 7525 82

METROPLEX MI 480
6 OCT 2026 PM 9 L

U.S. MARSHALS

UNITED STATES OF AMERICA
FOREVER/USA

RECEIVED
OCT 09 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

United States District Court
Clerks office Room 599
Theodore Levin US Courthouse
231 W. Lafayette Blvd
Detroit, Mich
48226

U.S. POSTAGE PAID
FCM LETTER
JACKSON, MI 49201
OCT 05, 2026
$6.66
S2324E

48226

Retail

UNITED STATES POSTAL SERVICE®

48226-279426