UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID OSTRANDER, *et al.*,

Plaintiffs,

v.

JACKSON COUNTY, *et al.*,

Defendants.
_____________________________/

Case No. 4:26-cv-13855

F. Kay Behm
United States District Judge

**ORDER DISMISSING PLAINTIFF DARBIG FOR FAILURE TO PAY FILING FEE**

Plaintiffs David Ostrander and Candi Darbig, proceeding *pro se*, filed this action on October 9, 2026, without paying the filing fee or filing an application to proceed *in forma pauperis*. Accordingly, on October 15, 2026, the Court warned them that "[i]f the filing fee is not received by the Clerk's Office or if an application to proceed *in forma pauperis* is not filed within fourteen calendar days of this notice, this case may be dismissed." (ECF No. 3). The Notice required Plaintiffs to correct the deficiency by October 29, 2026. *Id.* Plaintiff Ostrander filed his application to proceed IFP on October 26, 2026. (ECF No. 5). As of today's date, which is well past the deadline, Plaintiff Darbig has not paid the filing fee or applied to proceed *in forma*

*pauperis*. *See Anderson v. California*, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.").

Pursuant to Federal Rule of Civil Procedure 41(b), a court has the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) ("This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'"). "When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). Courts in this district have found that failure to pay a filing fee within a court-imposed deadline rises to the level of "bad faith or contumacious conduct" and merits dismissal under Fed. R. Civ. P. 41(b).

*See Jolly v. Sniscak*, No. 22-10534, 2022 WL 1547837, at *1 (E.D. Mich. May 16, 2022) (concluding that a plaintiff's failure to comply with a court's order to submit a properly supported motion to proceed *in forma pauperis* [] or pay the filing fee within twenty days "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal" (citing *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001))).

Here, the October 15, 2026 Notice warned Darbig that failure to pay the required filing fee or submit an application to proceed IFP by the listed deadline could result in dismissal of the underlying action. (ECF No. 3). Since that Notice was filed, Darbig has not paid the filing fee or applied to proceed IFP. As such, Plaintiff Darbig and her claims are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED**.

Date: November 16, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge