UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID OSTRANDER, *et al.*,

Plaintiffs,

v.

JACKSON COUNTY, *et al.*,

Defendants.
_____________________________/

Case No. 4:26-cv-13855

F. Kay Behm
United States District Judge

**ORDER DENYING EMERGENCY MOTION**
**FOR PROTECTIVE ORDER (ECF No. 6)**

Plaintiffs filed an "Emergency Notice of Retaliation and Motion for Protective Order" on November 10, 2026. (ECF No. 6). Plaintiffs claim that Defendants have began retaliating against them after this lawsuit was filed. As part of the alleged harassment, public county records are showing an erroneous arrest warrant for Plaintiff Candi Darbig, despite the matter have been dismissed in May. Plaintiff David Ostrander "faces direct collateral retaliation." *Id.*, at PageID.19. Ostrander offers an affidavit regarding the proceedings in an ongoing state custody matter and how he is being mistreated in that action. *Id.* at PageID.20-21. Darbig offers a partial affidavit regarding the erroneous arrest warrant showing on the state court public filing

system. *Id*. at PageID.22. Plaintiffs ask the court to issue a protective order enjoining Defendants, their agents, employees, and anyone acting in concert with them from engaging in any form of harassment, contact, or retaliation against Plaintiffs. *Id*. at PageID.19.

The court will deny the requested relief for the following reasons. First, Darbig has been dismissed as a Plaintiff in this matter. (ECF No. 7). Accordingly, the court cannot afford her any relief. Second, the retaliation allegations by Ostrander appear wholly unrelated to the claims pending in this case. Further, the retaliation allegations appear related to a pending domestic relations and child custody dispute matter, thus implicating the *Younger* abstention doctrine. Under the abstention doctrine articulated by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), when state proceedings are pending, federal claims related to the state proceedings should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 17 (1987). Three requirements must be satisfied for *Younger* abstention to be appropriate: (1) an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cty.*

*Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The court accepts as true Plaintiff's own allegations that there are ongoing state court proceedings concerning parental custody and related domestic issues. (ECF No. 6, PageID.20). As to the second prong of *Younger*, "traditional domestic relations issues" like those concerning child custody, "qualify as important state issues[.]" *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995); *see also Clark v. Mich. 7th Judicial Circuit Court*, No. 21-10690, 2021 WL 1736952, at *2 (E.D. Mich. May 3, 2021) ("[T]he Sixth Circuit has repeatedly applied *Younger* abstention to constitutional challenges of state court proceedings involving disputes over child custody and abuse."). As to the third prong, to the extent Ostrander's motion raises any federal concerns, the court "must presume that the state courts are able to protect the interests of the federal plaintiff." *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 205 (6th Cir. 2001) (quoting *Kelm*, 44 F.3d at 420); *see also Phillips v. Lorain Cnty. Child. Servs.*, No. 1:19 CV 1062, 2019 WL 2192165, at *2 (N.D. Ohio May 21, 2019) (In the "absence of 'unambiguous authority to the contrary,' the Court may assume that state court procedures will afford Plaintiff an adequate opportunity to present her federal claims in the pending state court proceedings." (citation omitted)). Given that Ostrander's child custody

matter is ongoing, the court must abstain from interfering with the pending state matter and will leave the state court to address Plaintiff's federal concerns. Accordingly, Ostrander's motion must be **DENIED**.

**SO ORDERED**.

Date: November 16, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge