UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID OSTRANDER, *et al.*,

Plaintiffs,

v.

JACKSON COUNTY, *et al.*,

Defendants.
______________________________/

Case No. 4:26-cv-13855

F. Kay Behm
United States District Judge

**OPINION AND ORDER SUMMARILY**
**DISMISSING COMPLAINT IN PART (ECF No. 1)**

## I. PROCEDURAL HISTORY

On October 9, 2026, Plaintiff David Ostrander filed a complaint against Jackson County and various of its employees.[1] Ostrander also filed an application to proceed without prepaying fees or costs, which was granted. (ECF Nos. 5, 9). For the reasons explained below, Plaintiff's complaint will be summarily **DISMISSED IN PART** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and based on immunity. More specifically, Defendants McBain, Sayles-Reed, Johnson, Murphy, Bates, and Jackson County and the claims against them are **DISMISSED** from this case.

[1] Plaintiff Candi Darbig was dismissed from this case. (ECF No. 7).

Additionally, Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 are **DISMISSED**. Plaintiff's 42 U.S.C. § 1983 claims may proceed against Defendants Chadwell, Jones, Erica, and Larry.

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. THE COMPLAINT

Plaintiff alleges that Defendants Chadwell, Jones, Eric, and Larry of the Jackson County Sheriff's office unlawfully forced entry into his residence without a warrant and deployed excessive force on Plaintiff by tasing him several times directly in his genitals. (ECF No. 1, PageID.1, ¶¶ 2-3). Although the complaint is hard to follow, it appears that the criminal charges against Ostrander arising from this incident were dismissed. *Id*. at PageID.6, ¶ 3. Ostrander brings claims of unlawful search and seizure and excessive force. *Id*. at PageID.7. The complaint further alleges that prosecutor Audrey Sayles-Reed and Judge John G. McBain engaged in a conspiracy to stack false

criminal charges and improperly advance the groundless case to the circuit court. *Id*. at PageID.8, ¶ 5; *see also* PageID.9, ¶ 24.

Plaintiff also alleges that Friend of the Court personnel Carrie Johnson, Susan Murphy, and Allison Bates "engaged in intentional administrative fraud, fabricating and forging official documents to execute a campaign of financial ruin against Plaintiff." (ECF No. 1, PageID.8, ¶ 8); *see also* PageID.9, ¶ 27 ("FOC workers Johnson, Murphy, and Bates intentionally forged and falsified administrative support paperwork to strip Plaintiff of his assets and enforce financial devastation."). Plaintiff brings an "administrative fraud and due process violation" under § 1983 based on these allegations.

## IV. ANALYSIS

### A. Judicial Immunity

Plaintiff names Michigan state court Judge John G. McBain as a defendant in this matter. Judges are absolutely immune from suits under 42 U.S.C. § 1983 arising from their performance of judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Judges are also entitled to such immunity from suits brought pursuant to 41 U.S.C. § 1985 and § 1986. *See Hall v. Bush*, 2021 WL 4239855, at *23 (W.D. Mich. July 21, 2021) (judge entitled to judicial immunity from § 1985 claim (citing *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d

Cir. 2012) ("Judicial immunity attaches even if the act was done in furtherance of a conspiracy."))), *report and recommendation adopted*, 2021 WL 3750164 (W.D. Mich. Aug. 25, 2021); *Yandal v. City of Mayfield*, 2010 WL 4638864, at *3 (W.D. Ky. Nov. 5, 2010) (finding, in a suit brought under §§ 1983, 1985, and 1986, that "Judicial Defendants enjoy absolute immunity against suits for monetary damages regarding their judicial acts" (citing *Travis v. Miller*, 226 F.Supp.2d 663, 667 (E.D. Pa. 2002))). This immunity extends even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). "There are only two exceptions to judicial immunity: A judge is not immune from suits for acts that are (1) not judicial in nature or (2) performed without jurisdiction." *Burnham*, 2022 WL 3046966, at *1 (citing *Brookings*, 389 F.3d at 617). A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985). This immunity extends to state and federal judges alike and it applies to actions alleging a violation of the United States Constitution. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). The 1996 amendments to § 1983 also extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Coleman v. Governor of Michigan*, 413 F. App'x 866, 873 (6th Cir. 2011).

Nothing in the Complaint suggests that the acts of Judge McBain about which Ostrander complains fall outside the scope of judicial immunity. Accordingly, Judge McBain and the claims against him must be dismissed.

B. <u>Prosecutorial Immunity</u>

Ostrander has also identified state prosecutor Audrey Sayles-Reed as a defendant in this matter. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). This immunity also applies to claims brought pursuant to 42 U.S.C. § 1985 and § 1986. *Kanu v. City of Cincinnati*, 2021 WL 779078, at *7 (S.D. Ohio Mar. 1, 2021) (defendant prosecutors entitled to prosecutorial immunity on plaintiff's 42 U.S.C. §§ 1983, 1985, and 1986 claims), *report and recommendation adopted*, 2021 WL 3036722 (S.D. Ohio July 19, 2021).

A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a

prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has explained:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who performs the investigative functions normally performed by a detective or police officer such as searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Again, nothing in the Complaint suggests that Prosecutor Sayles-Reed acted outside the scope of conduct covered by prosecutorial immunity. Accordingly, Sayles-Reed and the claims against her must be dismissed.

C. <u>Friend of Court Defendants</u>

As to the § 1983 claims against the Friend of the Court Defendants, the only factual allegation in the complaint involving them is that they "engaged in

intentional administrative fraud, fabricating and forging official documents to execute a campaign of financial ruin against Plaintiff." (ECF No. 1, PageID.8, ¶ 8); *see also* PageID.9, ¶ 27 ("FOC workers Johnson, Murphy, and Bates intentionally forged and falsified administrative support paperwork to strip Plaintiff of his assets and enforce financial devastation."). "[I]t is 'well-settled' that civil rights claims 'must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Briscoe v. Jackson*, 285 F. App'x 205, 208 (6th Cir. 2008) (quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008)). Plaintiff has not connected the sparse factual allegations against the FOC personnel to a cause of action under § 1983. Plaintiff's vague and conclusory assertions of liability, unsupported by material facts, fail to state a plausible § 1983 claim against the FOC personnel. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) ("[V]ague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987))); *see also* *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) ("[I]n the context of a civil rights claim, ... conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section

1983." (citation omitted)). For these reasons, Defendants Carrie Johnson, Susan Murphy, and Allison Bates and the claims against them must be dismissed.

D. *Monell* claim against Jackson County

The sole allegation against Jackson County in support of Plaintiff's *Monell* claim is that it "maintained a systemic custom, pattern, or failure to train that directly permitted its officers, prosecutors, and court workers to bypass supervisor mandates, falsify reports, stack groundless charges, and abuse citizens." (ECF No. 1, PageID.9, ¶ 31). "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978)). "To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). To prove an unlawful custom or policy, "[t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3)

a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Id*.

Plaintiff has not alleged any facts in support of his claim that the violations of his rights were caused by a county custom or policy. That is, "he offers only ... bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"); *Lovell v. Clermont Cnty. Sheriff's Off.*, No. 1:23-CV-114, 2026 WL 16447, at *26 (S.D. Ohio Jan. 2, 2026) ("Vague and conclusory allegations that the Sheriff and Board had some sort of 'official policy, longstanding practice, and custom' that led its employees to use excessive force or to exhibit deliberate indifference to Plaintiff's serious medical needs are insufficient to state a *Monell* claim."). "Plaintiff[] may not simply include a *Monell* claim in [his] complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the municipality. Rather, Plaintiff[] must allege some actual facts suggesting as much." *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 501 (W.D. Ky. 2021)

(quoting *Grandizio v. Smith*, 2015 WL 58403, at *6 (D.N.J. Jan. 5, 2015)) (quotation modified). Here, Ostrander has failed to include in his complaint any facts suggesting that the alleged constitutional deprivations were caused by a county policy or custom. Accordingly, the *Monell* claim against Jackson County must be dismissed.

E. Claims under 42 U.S.C. §§ 1985, 1986

Under his Civil Rights Conspiracy and Retaliation claim under 42 U.S.C. §§ 1985 and 1986, Plaintiff alleges that Defendants "conspired to cover up physical brutality, process a fraudulent prosecution, and allow or orchestrate a retaliatory 3:00 AM drive-by shooting to silence Plaintiffs, causing immense damages." (ECF No. 1, PageID.2, ¶ 33). As to § 1985, Plaintiff fails to allege any facts suggesting that Defendants' purported actions were motivated by racial animus or were class-based. Section 1985 "only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause…." *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000) (citing *Browder v. Tipton,* 630 F.2d 1149 (6th Cir.1980)). Construed liberally, Plaintiff's complaint does not allege that Defendants were motivated by racial, or other class-based, discriminatory animus. Accordingly, Plaintiff's

§ 1985 claim must be dismissed for failure to state a claim on which relief may be granted.

And because Plaintiff has no viable claim under 42 U.S.C. § 1985, he also has no claim under 42 U.S.C. § 1986. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (internal quotation marks omitted). Because the complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986. *Id*. at 315; *Bass v. Robinson*, 167 F.3d 1041, 1051 n. 5 (6th Cir.1999). Accordingly, Plaintiff's § 1986 claim must be dismissed for failure to state a claim on which relief may be granted.

## V. CONCLUSION

For the reasons set forth above, Defendants McBain, Sayles-Reed, Johnson, Murphy, Bates, and Jackson County and the claims asserted against them are **DISMISSED** from this case. Additionally, Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 are **DISMISSED**. Plaintiff's 42 U.S.C. § 1983 claims may proceed against Defendants Chadwell, Jones, Erica, and Larry.

**SO ORDERED.**

Date: November 17, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge