UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID OSTRANDER, *et al.*,

Plaintiffs,

v.

JACKSON COUNTY, *et al.*,

Defendants.
_____________________________/

Case No. 4:26-cv-13855

F. Kay Behm
United States District Judge

**ORDER GRANTING PLAINTIFF DARBIG'S MOTION FOR RECONSIDERATION (ECF No. 13) AND GRANTING IFP APPLICATION (ECF No.12)**

Plaintiffs David Ostrander and Candie Darbig, proceeding *pro se*, filed this action on October 9, 2026, without paying the filing fee or filing an application to proceed *in forma pauperis* (IFP). Accordingly, on October 15, 2026, the court warned them that "[i]f the filing fee is not received by the Clerk's Office or if an application to proceed *in forma pauperis* is not filed within fourteen calendar days of this notice, this case may be dismissed." (ECF No. 3). The Notice required Plaintiffs to correct the deficiency by October 29, 2026. *Id.* Plaintiff Ostrander filed his application to proceed IFP on October 26, 2026. (ECF No. 5). Plaintiff Darbig did not timely do so and

thus, the court dismissed her from this matter for failing to pay the filing fee. (ECF No. 7)

Darbig has now filed a motion for reconsideration (ECF No. 13) and an application to proceed IFP (ECF No. 12). She explains that the delay in filing her IFP application resulted from a serious post-operative medical recovery rather than any bad faith or willful disregard of the court's orders. (ECF No. 13).

Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may file a motion for reconsideration of a non-final order only if: (A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (B) an intervening change in controlling law warrants a different outcome, or (C) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision. E.D. Mich. L.R. 7.1(h)(2). The court finds that new facts – Darbig's recovery from surgery – warrant reconsideration of the court's earlier decision dismissing Darbig for failing to pay the filing fee. Darbig's delay in filing her IFP application was short and does not cause any prejudice to Defendants. Accordingly, the motion for reconsideration is **GRANTED**. The

court's order dismissing Darbig is **VACATED** and she is **REINSTATED** as a Plaintiff in this matter. Further, the court has reviewed Darbig's application to proceed IFP and finds it facially sufficient. Thus, the IFP application is **GRANTED**.

**SO ORDERED**.

Date: November 20, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge